■ ABRAHAM PEISACHOV, Appellant, v. BENJAMIN LA BARBERA, Respondent.— In an action to recover damages for personal injury, plaintiff appeals from an order of the Supreme Court, Nassau County, dated April 25, 1962, which, upon reconsideration, adhered to the original decision denying plaintiff's application for a preference in trial pursuant to rule 4A of the Nassau County Supreme Court Rules. Order affirmed, without costs. In our opinion, on the basis of the medical proof submitted, the Trial Term properly exercised its discretion in denying the preference (cf. *Parsons* v. *Friedman*, 17 A D 2d 639). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FELIX MONTES CORA, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered January 19, 1962 after a jury trial, convicting him of grand larceny in the first degree (two counts), and imposing sentence upon him as a fourth felony offender. Judgment affirmed. Even if it be assumed, without deciding, that the defendant's statement, made in the absence of counsel following his arrest two days prior to his arraignment, was inadmissible (cf. *People* v. *Wallace*, 17 A D 2d 981), we are of the opinion that the failure to object to its admission precludes reversal, in view of the overwhelming proof of defendant's guilt (*People* v. *Gallo*, 16 A D 2d 795, reversed on other grounds 12 N Y 2d 12). We have examined the other points raised by defendant but find no merit in any of them. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TONI DE PINA, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered May 12, 1958 after a jury trial, convicting him of forgery and grand larceny, both in the second degree, and sentencing him to serve a term of 5 to 10 years. Judgment affirmed. Although we do not condone the practice here adopted by the trial court of interrogating a witness in the absence of the jury (cf. *People* v. *Randazzio*, 194 N. Y. 147, 159), it may not be said on this record that defendant's rights were prejudiced thereby (cf. Code Crim. Pro., § 542; *People* v. *Kingston*, 8 N Y 2d 384, 387). Virtually the same testimony was elicited from the witness after the jury returned to the courtroom as had been elicited during its absence. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.